**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

RECEIVED
Clerk's Office
USDC, Mass.
Date 5-3-07
By _____ CWG _____
Deputy Clerk

07 CA 1 0 8 6 2 DPW

| | |
|---|---|
| BENJAMIN LIGERI, | No.: _____ |
| Plaintiff, | MAGISTRATE JUDGE_____ |
| v. | A CIVIL RIGHTS ACTION, |
| STATE OF RHODE ISLAND | COMPLAINT FOR DAMAGES, and |
| CRANSTON POLICE  DEPARTMENT | COMPLAINT FOR SPECIFIC |
| CRANSTON POLICE OFFICER #419 | PERFORMANCE |
| CRANSTON POLICE OFFICER #432, | |
| Defendant. | **JURY TRIAL DEMANDED** |

COMES NOW the plaintiff, Benjamin Ligeri, for his complaint against defendant, the

STATE OF RHODE ISLAND, defendant CRANSTON POLICE DEPARTMENT, defendant

CRANSTON POLICE OFFICER #419, and defendant CRANSTON POLICE OFFICER #432

(hereinafter "Defendants", when referenced collectively) and alleges as follows:

1.      Plaintiff, Benjamin Ligeri (hereinafter "Plaintiff") is a resident of Rehoboth, MA, at

the address of 39 Wheaton Ave., and formerly a resident of 2014 70th Ave W. #G6, University

Place, WA 98466. Plaintiff has family both in Massachusetts and Rhode Island,  and frequently

travels through both states. Plaintiff has no criminal record whatsoever and no criminal charges.

3.      Defendant CRANSTON POLICE OFFICER #419 (hereinafter "419") is a male

law enforcement officer for the Cranston Police, whose badge number was 419 at the time the

events of this action took place.

4.      Defendant CRANSTON POLICE OFFICER #432 (hereinafter "432") is a male law enforcement officer for the Cranston Police, whose badge number was 432 at the time the events of this action took place.

5.      Numerous times, Defendants have infringed Plaintiff's Constitutional Rights, including, but not limited to, Plaintiff's First and Fourteenth Amendment Rights to free speech, to assemble peaceably and travel freely; Plaintiff's Fourth and Fourteenth Amendment Rights to be free from unlawful search and seizure; and Plaintiff's Fifth and Fourteenth Amendment Rights to due process of law.

6.      Defendants have assaulted Plaintiff and caused injury to his person.

7.      Defendants have unlawfully detained and arrested Plaintiff without cause and without charges, in violation of Plaintiff's Constitutional Rights as well as State and Federal Law.

8.      In the past four years while driving namely through the states of Rhode Island, Massachusetts, and Washington, Plaintiff has not been pulled over at all, except for the two times in question, both which occurred on Park Ave in Cranston, RI, where Plaintiff used to travel frequently to visit family, and now finds alternative roads and states to meet his family in.

9.      Within the past two years, Defendants have pulled Plaintiff over twice, unlawfully detained him, unlawfully searched him, and assaulted him both times, and have done so the second time under the alleged reason that he was traveling 40 miles per hour in a 35 zone -- on a main road in Cranston (Park Ave.) where the average driver travels 40-45 miles per hour.

10.     The first incident occurred approximately one and a half years ago. Plaintiff was traveling down Park Ave. to visit family, when he was pulled over by two officers, whose names

are unknown by Plaintiff and whose names and badge numbers Plaintiff was unable to obtain.

11.    On this first incident, Plaintiff was asked by one of the unnamed officers for permission to search his car, and was given no reason for the request. Plaintiff politely denied the officer permission, asserting that he was on his way to his family's house and was late. The officer snapped, pulled Plaintiff out of his car, and threw him against the trunk and started fuming at Plaintiff for being a "wise guy" (a conclusion based wholly on Plaintiff's polite assertion of his inalienable Constitutional Rights). At which point, Plaintiff, not wanting to upset the officer anymore or risk further assault, granted permission to the officer to search his car. The officer replied, "No, now I don't want your permission" and proceeded to search, and of course, found nothing illegal. Plaintiff was then subjected to a purported Field Sobriety Test, wherein he was verbally assaulted for apparently failing to follow the guidelines for following a pen that was being waived in front of his eyes by an out-of-control officer in the middle of a busy road. The officer eventually cooled off and/or a pedestrian passerby caught the officer's attention and Plaintiff was released from his roadside detention, without a ticket or a charge or an apology.

12.    On the second incident, occurring approximately six months later, Plaintiff, while traveling with his brother, was pulled over as he pulled into the parking lot of his relatives' home by defendant 432 and defendant 419. As Plaintiff got out of his car, defendant 432 pulled up behind Plaintiff and ordered him to get back in his car. Defendants then approached Plaintiff in his car and requested his license and registration. Plaintiff was not given a reason for the detention. Plaintiff asked for a reason, which upset defendant 419, whose eyes flared in a sudden rage and proceeded to rip open Plaintiff's car door, yank Plaintiff out of his car, put him in a headlock, drag him about ten yards to the hood of his police cruiser and slam him face first against the hood and

yell physical threats in his ear while searching Plaintiff and emptying his pockets everywhere. Plaintiff was then thrown in the back seat of said police cruiser. Plaintiff's family and several other resident visitors witnessed defendant 419's assault of Plaintiff. While seated in the back of the patrol car, Plaintiff's brother, who was a passenger during the pullover, told defendants 419 and 432 that Plaintiff will probably sue for having his rights infringed and advised said defendants to abide by the law by releasing Plaintiff, and defendants 419 and 432 subsequently allowed Plaintiff to return to his car. Defendant 432 then gave Plaintiff a speeding ticket for allegedly traveling 40/ mph in a 35/mph zone. As defendant 432 gave Plaintiff the ticket, 432 informed Plaintiff that he does not give people tickets for going 40 in a 35, but is giving Plaintiff one because Plaintiff "opened his mouth" -- and asserted his constitutional rights -- an unlawful means for ticketing. Plaintiff was then released, without even a charge, after being unlawfully detained, assaulted, and arrested.

13.     The assault Plaintiff endured at the hands of defendants on the second incident heightened an already existing neck injury and caused Plaintiff muscular health problems he endures to this day, documented in his medical records.

14.     Several officers (including officers involved in the first and second incident) of defendant Cranston Police Department clearly have severe emotional instabilities, are beleaguered by insecurities, and sudden and irrational bursts of anger and great propensities toward violent behavior which they act on with sudden and volatile impulse, and act as if they are clinically schizophrenic in that they go from sudden explosive behavior to sudden calm, as if not realizing what their alter-ego just did in a moment of rash anger.

15.     The gestapo tactics of the Cranston Police are known quite well by Cranston

residents, especially those who live and travel on the "dreaded" Park Ave. in Cranston.

Defendants have the Cranston streets and highways under effectual Martial Law and the Cranston

citizenry under constant fear of the Police's gestapo tactics. Many citizens try to avoid traveling by

the Cranston Police if they can, fearing a capricious pullover and potential assault for no reason.

Plaintiff's voice additionally represents the voice of a Cranston citizenry either too frightened or too

legally incapable or financially insolvent to litigate, so they "sit back and take it."

16(a). Plaintiff was delayed in filing this lawsuit, it has been on his mind ever since the

events of this action took place, but he was without legal ability to file until now.

16(b). Plaintiff's right to operate a motor vehicle in the State of Rhode Island was

subsequently denied for not paying the aforementioned invalid and unlawfully-issued ticket.

16(c). Plaintiff, having now officially relocated his residence to the State of Massachusetts

from the State of Washington (though he may return) is unable to acquire a change of license from

Washington to Massachusetts, as the Massachusetts Dep't of Motor Vehicle will not issue him a

license as long as his unlawfully-accrued debt to the Rhode Island Dep't of Motor Vehicle remains

outstanding.

16(d). Plaintiff has exhausted a great deal of effort and attempted numerous times to pay

the unlawful debt to the Rhode Island Dep't of Motor Vehicle, to secure his license until a verdict

could be reached, but has found the task impractical. Plaintiff charges that the Rhode Island Dep't

of Motor Vehicle and other associated departments are so inefficiently and fraudulently ran, as to

make it near impossible to rectify issues with them. The departments have several phone numbers

on their websites, all of which are not answered and/or ring interminably. Plaintiff has traveled to

the Traffic Tribunal and Rhode Island offices several times only to discover another roadblock each

time, either the office was closed before it should've been, or that Plaintiff needed one more document, one more piece of information, had to go to such and such an office first, or such and such another office first, then such and such another office second, then come back to the such and such office a third, then go somewhere else, do something else, to the point where Plaintiff cannot comprehend and/or is mentally/physically unable to handle the task of getting his right to operate a motor vehicle in Rhode Island reinstated.

16(e).   Defendant State of Rhode Island, by and through its agencies, deprived and is depriving Plaintiff, a Massachusetts resident, of his Constitutional Right to travel freely as well as his Constitutional Right to be free from unlawful detention in the state of Rhode Island (including within its agency offices) as well as in other states, in violation of Federal Law, including, but not limited to, in violation of Plaintiff's Constitutional Rights. Defendant's agencies use harassing and distressing methods to extort their unlawfully-issued fines from people, including Plaintiff. Today, April 30th, 2007, Plaintiff was standing in a line for a half hour in Rhode Island's Operator Control office, his third trip to Rhode Island's mega-compound of DMV-type courts and agencies. This line was a "prelim" line to the "actual" line -- a room filled with about a hundred minorities (in a state where over 90% of its inhabitants are White/Caucasion). Plaintiff waited there to try and get information on what documents he would need and proof to reinstate his license so he could then garner said documents and proof, but the "prelim" line didn't move during the duration Plaintiff waited in it, and Plaintiff had an attack of conscience that made him feel responsible for supporting this obviously flawed, discriminatory, and unconstitutional system of license reinstatement and fine and time extortion run by Defendant State of Rhode Island.

17.    This Complaint is being filed along with a MOTION FOR AN EXIGENT

INTERIM ORDER to reinstate Plaintiff's right to operate a motor vehicle in the State of Rhode

Island until a final verdict can be reached on this case, for Plaintiff's insurance company has

refused coverage of Plaintiff until he acquires a Massachusetts license, which Plaintiff can't do until

his right to operate a motor vehicle in Rhode Island is resolved.

     18.    Plaintiff reserves the right to add as a party to this action, the State of Massachusetts

(and/or relevant Massachusetts department, if needed to secure his Massachusetts license), as well

as any other parties that may be unlawfully impeding on Plaintiff's right to operate a motor vehicle,

which he was unlawfully deprived of.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests this honorable Court for the following relief:

     A.    An order reinstating Plaintiff's right to operate a motor vehicle in the State of Rhode

Island.

     B.    An order that the Defendants be permanently enjoined from their unlawful activities

and practices described herein, including a specific guarantee that the officers responsible for the

unlawful activity described herein will be held accountable (and possibly terminated if the Court

deems appropriate) and that measures will be taken to prevent such unlawful conduct from

occurring again.

     C.    An award of $25,000 in Special Damages for current and future medical and also

emotional distress.

     D.    A punitive award of $200,000 for the gross and repeat misconduct by Defendants

and abuse and unlawful deprivation of Plaintiff's Constitutional Rights by Defendants.

//
//

Respectfully submitted,

THIS ___30___ day of __April__, 2007

BY: _____

Benjamin Ligeri
39 Wheaton Ave.
Rehoboth, MA 02769
(401) 952-6661


## CERTIFICATION

I, Benjamin Ligeri, do hereby certify that on this date, I served via first class mail, postage prepaid

to Cranston Police Department, 275 Atwood Avenue, Cranston, RI 02920; Cranston Police

Officer #419, 275 Atwood Avenue, Cranston, RI 02920; Cranston Police Officer #432, 275

Atwood Avenue, Cranston, RI 02920; and the State of Rhode Island, Secretary of State, 82 Smith

Street, State House Room 217, Providence, RI 02903, the following documents:

1.      Plaintiff's Complaint, and

2.      Plaintiff's Motion for Exigent Interim Order.

Plaintiff will effect full legal service of the Complaint on Defendants, unless waived by
Defendants, upon receiving the summonses back from this Court.

_____

Benjamin Ligeri
39 Wheaton Ave
Rehoboth, MA 02769
(401) 952-6661